■ Louis ALTERI, Respondent-Appellant, v STEPHEN HEENAN, Appellant-Respondent, et al., Defendants. — Cross appeals from an order of the Supreme Court at Special Term (Kahn, J.), entered March 30, 1982 in Albany County, which denied plaintiff's and defendant Stephen Heenan's cross motions for partial summary judgment. Plaintiff Alteri and defendant Heenan entered into a contract dated December 4, 1977, under which Heenan was to purchase all of the outstanding shares of the capital stock of Alteri's Restaurant of Glenmont, Inc., from Alteri for an aggregate sum of $290,000. At approximately the same time, Heenan took over the corporation's restaurant operations. The contract contained various representations and warranties by

Alteri, among which were that all taxes of any kind levied against the corporation or its property had been paid, except for a New York State sales tax liability which Heenan agreed to assume in return for a corresponding credit against the purchase price, and that the corporation's financial books and reports accurately and fully set forth all corporate obligations. The $290,000 purchase price (plus subsequently appraised value of inventory) was to be satisfied by Heenan as follows: an initial down payment of $50,000; the assumption of the first and second real property mortgages on the restaurant and of the chattel mortgages on its equipment; the assumption of outstanding and unpaid vendor obligations which Alteri represented did not exceed $20,000; the assumption of the restaurant's sales tax liability plus penalties and interest and of the $10,000 legal fee owed to Alteri's attorney; payments of $10,000 each in July, 1978 and January, 1979; and weekly installments of principal and interest on the unpaid balance over seven years at the annual interest rate of 7½%. Alteri's attorney, designated in the contract as escrow agent, was to receive the payments as provided under the contract and hold all shares of the corporate stock until payment of the purchase price in full. Alteri also executed a separate covenant not to compete in a similar restaurant business within a specified distance. In late December, 1977, shortly after taking over the restaurant operation, Heenan was made aware that there were significant tax liabilities and outstanding vendor obligations in excess of those referred to in the contract or revealed in the corporate financial statements and records and that Alteri had issued corporate checks in substantial amounts to vendors which were returned for insufficient funds. Heenan brought this to the attention of the escrow agent and refused to make any further payments under the contract. Alteri then sought to have the escrow agent declare a default under the contract. The escrow agent attempted to adjust the parties' dispute and made some progress in that direction, receiving additional payments from Heenan totaling almost $12,000, which he applied in part toward some of the outstanding tax liabilities and retained the balance in escrow. Further efforts were unavailing, however, particularly because Heenan charged that Alteri had violated his covenant not to compete. Alteri then commenced the instant action to declare that Heenan was in default, for return of the corporate stock from the escrow agent, for the balance of the purchase price, and to reform various provisions of the contract. Heenan counterclaimed for the excess of corporate liabilities over that provided in the contract, for consequential damages allegedly suffered by reason of such excess liabilities and of other alleged misrepresentations, and for an injunction and damages arising out of Alteri's alleged violation of his restrictive covenant. The escrow agent applied for a court order declaring a default and directing him to return the corporate stock to Alteri. Alteri and Heenan then each moved for partial summary judgment. Special Term denied all motions on the ground that there were outstanding issues of fact precluding summary relief to any of the parties and these cross appeals ensued. We agree with the determination of Special Term. As to Alteri's motion, he has failed conclusively to establish any basis for reformation of the contract by inserting the specific amounts of the various corporate obligations Heenan agreed to assume. The parties are in agreement that December 4, 1977 is the operative date for determining the balance of those obligations and that the parties intended that such balances be applied against the purchase price. The specific balances of all such assumed obligations on the operative date are readily ascertainable and, indeed, there is virtually no dispute between the parties on such amounts. Reformation in this respect would, therefore, neither add to nor detract from the parties' rights. Alteri similarly has not established the absence of a triable issue of fact as to Heenan's default. That Heenan's down payment plus the

corporate liabilities he assumed under the contract, including the least amount totally due for State sales tax, penalties, and interest, aggregate the sum of $241,771.46 is not seriously disputed. That sum is to be applied against the total contract price of $290,000 plus the value of the inventory of approximately $7,800. Alteri has similarly failed substantially to put in question Heenan's evidence that outstanding vendors' obligations in excess of the amounts assumed under the contract aggregate almost $22,000, and that there were additional unpaid Federal, State and local taxes, not assumed, of almost $13,000. Contrary to Alteri's contention, since the authenticity of these excess corporate obligations has not been put in question by any contrary evidence, they are legitimate offsets against the contract price regardless of whether Heenan has paid them. The existence of these excess obligations clearly violated Alteri's contractual representations and warranties, for which Heenan had the option of terminating the contract or continuing his performance and suing to enforce Alteri's obligation (22 NY Jur 2d, Contracts, § 371, p 273). Even if not personally assumed by Heenan, these legitimate corporate obligations reduced the value of the business and its corporate stock below that contemplated by the parties. Heenan was thus entitled to damages based on the amount necessary to put him in as good a position as he would have been absent Alteri's breach regarding these excess obligations. His damages in this respect are easily ascertained by reference to the amount necessary to discharge the obligations as of the operative date of the contract (5 Corbin, Contracts, § 992, pp 5-7 [text and n 1.5]; Restatement, Contracts 2d, § 347). There is no reason to deviate from this standard measure of contract damages by requiring prior payment of the liabilities by Heenan in full. Indeed, the parties themselves adopted the same measure applied here in having agreed to reduce the contract price of the corporate stock by the full amount of what they anticipated the corporate liabilities to have been. If Heenan's claimed further payments on the purchase price and additional corporate obligations concerning which there is a legitimate dispute are added to the foregoing, the total offsets for payments and credits claimed by Heenan would exceed all sums due Alteri under the contract and no default by Heenan would exist. Conversely, without a resolution of these same disputed items in Heenan's favor, he also fails to establish conclusively that no further amounts are due Alteri under the contract. Therefore, resolution of those claims, as well as the various other claims for damages asserted by the parties, must await trial. Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.